Snodgrass, J.,

delivered the opinion of tbe court:
The decree in this cause is erroneous. Hind’s creek is not a navigable stream, under the law in this state, and the verdict of the jury, so finding, is without evidence to support it. A stream which is not of sufficient depth, naturally, for valuable fioatagie; such as rafts, flat-boats, and small vessels of lighter draft than ordinary, is not navigable in any sense, strict, legal, or ordinary, in Tennessee. Stuart v. Clark, 2 Swan, 9. It was error in tire chancellor to instruct the jury that “it was not necessary that a stream of water should be large enough to enable boats of any size to sail upon it, in order to be a navigable river in tbe meaning of the law. If a stream of water has a capacity .for transportation valuable to the public, such as the transportation of sawlogs to a river, then such a stream is navigable, and no one has a right to obstruct that navigation.” He should have instructed the jury on that point as here-inbefore indicated. The policy of this state Iras been to encourage mills, as well as navigation. Our statute authorizes, through permission of tbe county court (and that will be presumed wheh a mill-dam bas stood, as has tbe one involved in this controversy, for more than twenty years), *311 the erection of mill-claius across waters not navigable in the proper, legal, or ordinary sense. [M. & V.] Code, secs. 1439, 1524 [Shannon’s Code, secs. 1721, 1819]. If capacity to float a log ivas the criterion of navigability, perhaps no stream in the state could be dammed. It was not intended that such a construction should ever be given the. statute, or it would be worse than void. It would have operated as a trap and snare to owners of mill property thus permitted and encouraged to build. The construction given in the case cited is both sound and sensible, and we adhere to it. The decree must be reversed, and cause remanded for a new trial, with costs of this court against respondents.